# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| Bradley Peterson, | Civil Action No.: 3:13-cv-00147 |
| Plaintiff, | |
| v. | |
| Greentree Servicing LLC, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Bradley Peterson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Bradley Peterson ("Plaintiff"), is an adult individual residing in El Paso, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Greentree Servicing, LLC ("Greentree"), is a Minnesota business entity with an address of 345 Saint Peter Street, 300 Landmark Towers, St. Paul, Minnesota 55102, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Plaintiff and his ex-wife allegedly incurred a debt. Pursuant to the divorce decree of 1998, the debt was discharged as the sole responsibility of Plaintiff's ex-wife.

7. Beginning on March 8, 2013, Greentree started contacting Plaintiff in an attempt to collect the debt by placing calls daily to Plaintiff's cellular telephone.

8. At all times mentioned herein, Greentree contacted Plaintiff on his cellular telephone using an automated telephone dialing system ("ATDS.")

9. Plaintiff never provided his cellular telephone number to Creditor as he did not have the number at the time he originally incurred the debt.

10. Upon answering each of Greentree's telephone calls, Plaintiff heard either an extended period of silence only after which a live representative came on the line, or Plaintiff heard only dead air whereupon the call terminated.

11. When he was not able to speak with a live representative, Plaintiff returned Greentree's telephone calls to initiate conversations regarding the debt.

12. During these conversations, Plaintiff explained that he was no longer financially responsible for the debt due to the divorce decree and requested Greentree cease its collection efforts.

13. Despite such request, Greentree proceeded to hound Plaintiff with ATDS telephone calls to his cellular phone.

14. Out of frustration, Plaintiff sent Greentree a demand to cease and desist all communication regarding the Debt on April 2, 2013.

15. Plaintiff confirmed Greentree received the above-referenced letter on April 5, 2013.

16. Greentree, however, placed an additional ATDS call to Plaintiff in its attempt to collect the debt.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

19. Plaintiff either never provided express consent to Defendant or the Creditor to call his cellular telephone number, or Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone by his repeated demands to cease calling his cellular telephone.

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

22. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful or intentional pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Statutory damages in the amount of $500.00 to $4,000.00 *for each violation* pursuant to N.C. Gen.Stat. § 58-70-130(b); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 3, 2013

Respectfully submitted,

By: __/s/ Sergei Lemberg__

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff